IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADAM CLEAVER and MELISSA        )
HAYBARGER, his wife,            )
                                )
        Plaintiffs,             )       Civil Action No. 08-425
                                )       Magistrate Judge Lisa Pupo Lenihan
        v.                      )
                                )       ECF No. 52
THE UNITED STATES OF AMERICA and )
SURESH P. AMINA, M.D.,          )
        Defendants.             )
                                )

**MEMORANDUM OPINION**

Currently before the Court for disposition is a Motion *in Limine* (ECF No. 52) filed by

Defendant, United States of America. Trial in this case is set to begin on July 30, 2012.

I.      **Motion *in Limine***

On November 11, 2011, Defendant, United States of America, filed a Motion *in Limine*

to Exclude Evidence of Certain Medical Bills or Costs and Require Usage of Medicare Billing

Rates for Past and Future Medical Damages. On December 30, 2011, Plaintiff, Adam Cleaver,

filed a Response in Opposition to Defendant's Motion *in Limine*. (ECF No. 54). Plaintiff's

Response requests two separate rulings, that (1) Plaintiff be permitted to prove the full amount of

the medical bills incurred and not be limited to Medicare billing rates for past damages, and (2)

Plaintiff be permitted to prove the full amount of the medical bills incurred and not be limited to

Medicare billing rates for future damages. The Court will address these issues *in seriatim*.

The Defendant's Motion *in Limine* requests the Court to preclude the introduction of medical bills and costs submitted by Plaintiff's medical care providers that exceed the Medicare billing rates for past and future medical expenses. Defendant requests that Plaintiff's recovery for past and future medical expenses be limited to the amount actually paid by Medicare and accepted by the medical care providers as full payment for medical services. Defendant relies on the Pennsylvania Supreme Court case of *Moorhead v. Crozer Chester Medical Center*, 564 Pa. 156 (2001). In response to Defendant's Motion *in Limine*, Plaintiff argues that since *Moorhead*, Pennsylvania law has changed on the issue of past medical expenses through the passage of the Pennsylvania Medical Care Availability and Reduction of Error (MCARE) Act, 40 Pa. Stat. Ann. § 1303.508 (2002). Regarding future medical expenses, Plaintiff further rejects Defendant's basis for the exclusion of evidence and submits that neither *Moorhead* nor the MCARE Act applies.

### 1.    Evidence of Past Medical Expenses

Plaintiff alleges he endured permanent kidney damage due to the negligence of Defendants. As a result of the injuries, he has undergone multiple hospitalizations, regular dialysis, and a kidney transplant. He received Medicare and Social Security Disability benefits in March 2006. Since that time all of his medical expenses have been covered through Medicare and the Pennsylvania Department of Public Welfare.

In Pennsylvania it is well-settled that a plaintiff who seeks damages for the cost of medical services incurred by a tortfeasor is entitled to recover the reasonable value of medical services. *Kashner v. Geisinger Clinic*, 432 Pa. Super. 361, 367 (1994). In *Moorhead* the

Pennsylvania Supreme Court held that in a medical malpractice action the reasonable value of past medical services is the amount paid and accepted as full payment for medical services provided. *Id.* at 156.[1] Defendant contends that the amount paid by Medicare, which Plaintiff's healthcare providers accepted as full payment for medical services, constitutes the reasonable value of Plaintiff's medical expenses and is the amount that should be presented to the jury rather than the full amount of the medical bills.

Plaintiff submits that if *Moorhead* were the controlling precedent concerning the issue of the reasonable value of past medical services, Plaintiff would be limited to submit the amounts paid by Medicare and accepted by healthcare providers as payment in full. However, in 2002 the Pennsylvania legislature passed the MCARE Act which, Plaintiff argues, modified Pennsylvania's collateral source rule and, in effect, overruled *Moorehead.*[2]

Under the collateral source rule a claimant's right to damages for past medical expenses cannot be diminished merely because a collateral source paid for claimant's medical expenses. *Moorhead*, 564 Pa. 156 (quoting *Johnson v. Beane*, 541 Pa. 449 (1995)). The MCARE Act precludes a claimant in a medical professional liability action from recovering past medical expenses paid by a collateral source. 40 Pa. Stat. Ann. § 1303.508(a). The MCARE Act provides limited exceptions in which a claimant is permitted to recover damages for past medical expenses despite payments made by a collateral source. 40 Pa. Stat. Ann. § 1303.508(d). One of the limited exceptions under the MCARE Act will be applied if the claimant's medical

---

1.       Prior to *Moorhead* the amount actually paid for medical services was but one factor for the jury to consider when determining reasonable value of medical services. Therefore, the amount actually paid alone did not determine the reasonable value of medical services. *Kashner v. Geisinger Clinic*, 432 Pa. Super. 361, 367 (1994).

2.       The Court notes that this issue was not addressed in Defendant's Motion *in Limine* and Defendant did not file a Reply Brief.

expenses are paid by "[p]ublic benefits paid or payable under a program which under Federal statute provides for right of reimbursement which supersedes State law for the amount of benefits paid from a verdict or settlement." 40 Pa. Stat. Ann. § 1303.508(d)(4).   The right to reimbursement of Medicare payments supersedes state law for the amount of benefits paid from a verdict or settlement.  42 U.S.C. §1395y(b)(2)(B)(iii) (2011).  Therefore, Plaintiff may recover damages for past medical expenses paid by Medicare.

Pursuant to the MCARE Act a claimant is given the "option to introduce into evidence at trial the amount of medical expenses actually incurred, but the  claimant shall not be permitted to recover for such expenses as part of any verdict except to the extent that the claimant remains legally responsible for such payment." 40 Pa. Stat. Ann. § 1303.508(b).  A plain reading of the MCARE Act indicates that Plaintiff herein shall be permitted to introduce into evidence the total amount of past medical expenses he actually incurred.  Plaintiff's past medical expenses offered at trial will not be limited to Medicare billing rates.  However, Plaintiff will not be permitted to recover the medical expenses actually incurred.  Plaintiff's recovery will be limited to the Medicare billing rates that healthcare providers accepted as full payment.  Accordingly, Defendant's Motion *in Limine* to Exclude Evidence of Certain Medical Bills or Costs and Require Usage of Medicare Billing Rates for Past Medical Damages is denied.

## 2.      Evidence of Future Medical Expenses

Defendant contends that Plaintiff was granted Medicare benefits based upon his disability, therefore, Plaintiff's Medicare coverage will continue as long as he remains disabled. Due to Plaintiff's contention that his disability is permanent, Defendant submits that Plaintiff's future medical expenses will be covered by Medicare.   Defendant argues that although

*Moorhead* only addressed the issue concerning past medical damages, *Moorhead*'s holding should be extended to include future medical damages. Defendant reasons that since the Plaintiff's future medical expenses will be covered by Medicare, Plaintiff's healthcare providers will be required to accept the Medicare coverage as full payment. Defendant therefore seeks to exclude evidence of certain medical bills or costs and require usage of Medicare billing rates for future damages, based on the reasoning that under *Moorhead* Plaintiff's reasonable value of medical expenses will be the Medicare coverage accepted as full payment by healthcare providers.

Plaintiff argues that Defendant's reliance on *Moorhead* relative to future medical expense damages is misplaced, as the opinion applies solely to past medical expenses. Plaintiff also counters that whether or not he will have lifelong Medicare coverage is speculative. Plaintiff submits that he does not know who his future medical providers will be, whether the medical providers will accept Medicare in the future, whether he will qualify for Medicare in the future, and whether Medicare itself will continue to exist in the future. If Plaintiff was deemed to no longer qualify for Medicare coverage he would have no cause of action to enforce a right to Medicare benefits. Contrary to Defendant's assertions there is no guarantee that Plaintiff will be entitled to Medicare coverage in perpetuity.

In *Moorhead* the Pennsylvania Supreme Court solely addressed the issue of the measure of compensatory damages for past medical expenses. *Id.* at 158. Thus, *Moorhead* does not automatically preclude parties from presenting evidence of future damages beyond Medicare payments. This jurisdiction has never extended *Moorhead*'s holding and rationale to encompass recovery of damages for future medical expenses. Furthermore, courts have uniformly rejected the application of *Moorhead* as a measure of future medical damages. *See Pa. Trust Co. v.*

*Dorel Juvenile Grp., Inc.*, 2011 WL 3740472, *12 (E.D. Pa. Aug. 25, 2011); *Watts v. Hollock*, 2011 WL 6026998 (M.D. Pa. Dec. 5, 2011).  Accordingly, Defendant's Motion *in Limine* to Exclude Evidence of Certain Medical Bills or Costs and Require Usage of Medicare Billing Rates for Future Medical Damages will be denied.  An Order consistent with this opinion will follow.

By The Court:

Dated: March 15, 2012                 _____

Lisa Pupo Lenihan
U.S. Magistrate Judge